IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

ANGELA N. THOMPSON )
)
v. ) NO. 3:05-0649
) JUDGE CAMPBELL
AMERICAN GENERAL LIFE and )
ACCIDENT INSURANCE CO. )

MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss (Docket No. 57). For the reasons stated herein, Defendant's Motion is GRANTED in part and DENIED in part.

FACTS

This action was filed as a purported class action on behalf of "all persons who purchased from Defendant American General Life and Accident Insurance Company ("American General") term or permanent life insurance policies on the lives of insureds who at the time of purchase were juveniles (i.e., under the age of majority), whose policies are currently in-force or were in-force after the first payment of policy premiums or dividends, and who have been harmed by American General's Juvenile Policy Smoker Rate Scheme" as alleged in the Complaint. Docket No. 1, p. 1.

Plaintiff is the owner of an adjustable premium whole life insurance policy issued by Defendant. The policy insures the life of Plaintiff's granddaughter, who was a minor at the time of issuance. Plaintiff alleges that Defendant, unbeknownst to the policyholder or insured, priced its juvenile life insurance policies and/or structured its dividends such that they would be based on smoker rates, even though the insureds were non-smoking infants and children at the time the policies were issued. Docket No. 1, p. 2. Plaintiff contends that juvenile insureds were entitled, for the entire duration of their policies, to the best risk classification available to adult insureds based

on their status as non-smokers at the time the policy was issued, yet they were denied this classification without their knowledge. Id.

The policy application for the life insurance policy at issue herein included ten "background information" questions, one of which was: "Has the Primary Proposed Insured, and/or spouse if proposed for coverage, used tobacco (cigarettes, cigars, pipe, snuff, chewing tobacco) or nicotine patches, nicotine gum or any other form of nicotine?" Plaintiff answered that question "No." Docket No. 61, Ex. A. Plaintiff contends that by soliciting and accepting this information that the juvenile insured did not smoke, Defendant represented and contractually promised, and Plaintiff understood, that the policy would be assigned to a non-smoker risk classification for the entire duration of the policy. Docket No. 1, p. 14. Plaintiff argues that Defendant thereafter wrongfully treated the policy as a "smoking" policy, with smoker rates. Plaintiff alleges causes of action for breach of contract, breach of fiduciary duty, constructive fraud, and unjust enrichment/constructive trust. Docket No. 1.

Defendant has filed a Motion to Dismiss (Docket No. 57), arguing that Plaintiff has no standing to bring this action because she has no injury; that this action is not ripe because it depends upon future events; that there can be no unjust enrichment because there was a written contract; that constructive trust is not a cause of action; that it had no fiduciary duty to Plaintiff; that there was no constructive fraud; that there was no breach of the insurance contract; and that many of the purported class members are barred from bringing this action by previous settlements in similar cases. Docket No. 57.

## MOTIONS TO DISMISS

In considering a motion to dismiss for failure to state a claim on which relief can be granted, the court must accept as true all factual allegations in the complaint. Broyde v Gotham Tower, Inc., 13 F.3d 994, 996 (6th Cir. 1994). The motion should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id.

A motion to dismiss for failure to state a claim upon which relief can be granted must be viewed in the light most favorable to the party opposing the motion. State of Ohio ex rel. Fisher v. Louis Trauth Dairy, Inc., 856 F.Supp. 1229, 1232 (S.D. Ohio 1994). The purpose of a motion to dismiss for failure to state a claim is to allow the defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).

## DISCUSSION

Defendant asserts that Plaintiff's Complaint should be dismissed for lack of standing and because it is not ripe. The question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues. Lac Vieux Desert Band of Lake Superior Chippewa Indians v. Michigan Gaming Control Bd., 172 F.3d 397, 403 (6th Cir. 1999). Constitutional limitations on standing require that there be an actual case or controversy. Id.

The U.S. Supreme Court has held that "the irreducible constitutional minimum of standing contains three elements." Lujan v. Defenders of Wildlife, 112 S.Ct. 2130, 2136 (1992). First, the plaintiff must have suffered an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of — the injury

3

has to be fairly traceable to the challenged action of the defendant and not the result of the independent action of a third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Id.; Lac Vieux, 172 F.3d at 403.

Defendant contends that Plaintiff cannot show injury-in-fact. The Complaint, however, asserts injury-in-fact in having to pay allegedly higher premiums and receiving lower dividends as a result of Defendant's misconduct. Docket No. 1, ¶ 42. Defendant claims that Plaintiff got exactly what she bargained for, at the prices quoted and written in the contract. Plaintiff's Complaint, however, alleges that Defendant deceived her and concealed from her the fact that the premium on her policy was improperly based on higher smoker-based rates. Id., ¶¶ 24-27.

Defendant also contends that Plaintiff's claims are not ripe because they are speculative and depend upon future events. As noted above, however, Plaintiff's Complaint alleges present injury-in-fact --- i.e., each time Plaintiff paid a policy premium and each time Plaintiff received a lower dividend. For these reasons, Defendant's Motion to Dismiss Plaintiff's Complaint for lack of standing and ripeness is DENIED.

Defendant's assertion that many of the class members' claims are barred by previous settlement agreements is premature. This is not yet a class action. In addition, making that determination will require an analysis of facts not in the record at this stage.

Plaintiff's claims are state law claims, brought in federal court based upon diversity jurisdiction. The parties do not agree as to which State's law should apply in this action. A federal court sitting in diversity must follow the conflict of law rules of the state in which it sits. Chase Manhattan Bank v. CVE, Inc., 206 F.Supp.2d 900, 905 (M.D. Tenn. 2002). A preliminary issue in

4

deciding which state's law applies is whether an actual conflict of law exists.  <u>Seals v. Delta Air Lines, Inc.</u>, 924 F. Supp. 854, 858 (E.D. Tenn. 1996); <u>Hataway v. McKinley</u>, 830 S.W.2d 53, 55 (Tenn. 1992).  For purposes of this Motion to Dismiss, there is no conflict between the laws of the two states of Tennessee and Georgia.

<u>Breach of Contract</u> [1]

To establish a claim for breach of contract under Tennessee law, Plaintiff must show (1) the existence of a contract, (2) nonperformance amounting to a breach of that contract, and (3) damages caused by the breach of the contract.  <u>Life Care Centers of America, Inc. v. Charles Town Associates Ltd. Partnership</u>, 79 F.3d 496, 514 (6th Cir. 1996).  Similarly, under Georgia law, the elements of a right to recover for a breach of contract are the breach and the resultant damages to the aggrieved party.  <u>Budget Rent-A-Car of Atlanta, Inc. v. Webb</u>, 469 S.E. 2d 712, 713 (Ga. Ct. App. 1996).

Defendant argues that Plaintiff has not identified any provision of the "clear and unambiguous terms" of this policy which have been breached.  Plaintiff's Complaint, however, alleges that Defendant breached the contract between them by charging higher "smoker" premiums and giving lower dividends.  Defendant's contentions may be true, but the Court cannot make that determination at this stage of the litigation on the pleadings.

In addition, Plaintiff asserts that Defendant also breached the contractual duty (under both Tennessee and Georgia law) of good faith and fair dealing as an implicit term of an insurance contract.  <u>Tallent v. Tennessee Farmers Mut.Ins. Co.</u>, 785 S.W.2d 339, 340 (Tenn. 1990); <u>Leader</u>

---

[1]   Plaintiff disclaims any *pre*-contract misconduct and argues solely *post*-contract breaches.  Docket No. 92, p. 1.

Nat. Ins. Co. v. Smith, 339 S.E.2d 321, 328 (Ga. Ct. App. 1985). At the pleadings stage, the Court must accept those factual allegations as true.

Breach of Fiduciary Duty

Plaintiff's Complaint alleges that Defendant was a fiduciary to its insureds and policyholders and that Defendant breached its fiduciary duty to Plaintiff. Docket No. 1, ¶¶72-79. Defendant argues that there was no fiduciary relationship between Plaintiff and Defendant and, therefore, no breach of any fiduciary duty could occur. Fiduciary relationships may arise whenever confidence is reposed by one party in another who exercises dominion and influence. Oak Ridge Precision Industries, Inc. v. First Tennessee Bank Nat. Ass'n, 835 S.W.2d 25, 30 (Tenn. Ct. App. 1992). A fiduciary duty is the duty to act primarily for another's benefit. McRedmond v. Estate of Marianelli, 46 S.W. 3d 730, 738 (Tenn. Ct. App. 2000).

In Georgia, no confidential or fiduciary relationship exists between an insured and the insurer or its agents. The Seckinger-Lee Co. v. Allstate Ins. Co., 32 F.Supp. 2d 1348, 1354 (N.D. Ga. 1998). Consequently, "in the absence of special circumstances," one must exercise ordinary diligence in making an independent verification of contractual terms and representations. Id.

Although Tennessee courts have recognized that insurance policies are contracts of the utmost good faith and must be administered and performed as such by the insurer, MFA Mut. Ins. Co. v, Flint, 574 S.W.2d 718, 720 (Tenn. 1978), Plaintiff has not shown that she established a confidential relationship with Defendant whereby Defendant was bound to act primarily for her benefit.

Plaintiff has not pled any special circumstances or facts which would support a finding of fiduciary relationship between Plaintiff and Defendant in this case. The transaction between

6

Plaintiff and Defendant was an arms' length, business transaction, and Plaintiff has not alleged facts which would create a fiduciary, confidential relationship. In the absence of a fiduciary relationship, therefore, Defendant's Motion to Dismiss the breach of fiduciary duty claim is GRANTED, and the breach of fiduciary duty claim is DISMISSED.

Constructive Fraud

Plaintiff alleges that Defendant's conduct, in failing to disclose or in concealing the alleged changing of the terms of the subject policy and classifying it as "smoker" based, amounted to constructive fraud. Docket No. 1, ¶¶ 80-86.

The theory of constructive fraud concerns a breach of a legal or equitable duty, without or without fraudulent intent. Parks v. Alexander, 608 S.W.2d 881, 891 (Tenn. Ct. App. 1980); see also Ga. Code Ann. § 23-2-51(b) ("Constructive fraud consists of any act of omission or commission, contrary to legal or equitable duty, trust, or confidence justly reposed, which is contrary to good conscience and operates to the injury of another.").

As noted above, Plaintiff has not alleged facts which show a confidential relationship which would give rise to the legal or equitable duty required for constructive fraud. Accordingly, Defendant's Motion to Dismiss the constructive fraud claim is GRANTED, and that claim is DISMISSED.

Unjust enrichment[2]

Plaintiff's alternative theory of recovery is unjust enrichment, also known as quantum meruit, quasi-contract or implied contract. The theory of unjust enrichment is an <u>alternative</u> to

---

[2] Plaintiff has alleged a cause of action for constructive trust. The Court finds that "constructive trust" is not a cause of action, but rather a remedy used by courts to enforce substantive rights. See, e.g., In re Del-Met Corp., 322 B.R. 781, 829 (Bankr. M.D. Tenn. 2005).

7

Plaintiff's breach of contract claim. In other words, Plaintiff cannot recover under an unjust enrichment theory if a valid contract existed, since a contract may not be implied where a valid contract exists on the same subject matter. Jaffe v. Bolton, 817 S.W.2d 19, 26 (Tenn. Ct. App. 1991).

No one disputes that a valid contract existed between these parties. Plaintiff claims Defendant breached that contract. Therefore, Plaintiff's unjust enrichment claim is DISMISSED.

## CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss is GRANTED in part and DENIED in part. Plaintiff's breach of fiduciary duty, constructive fraud and unjust enrichment claims are DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE