IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| ANGELA N. THOMPSON | ) |
| | ) |
| v. | ) NO. 3:05-0649 |
| | ) JUDGE CAMPBELL |
| AMERICAN GENERAL LIFE and | ) |
| ACCIDENT INSURANCE CO. | ) |

MEMORANDUM

Pending before the Court, among other things, is Defendant's Motion for Summary Judgment (Docket No. 126). For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED. Consequently, all other pending Motions are DENIED as moot.

FACTS

Plaintiff is the owner of an Adjustable Premium Whole Life Insurance Policy ("the Policy") issued by Defendant.[1] The policy insures the life of Plaintiff's granddaughter, who was a minor at the time of issuance. Plaintiff's son, at the time an agent for Defendant, sold Plaintiff the Policy.

Plaintiff alleges that Defendant, unbeknownst to her or other policyholders, priced its juvenile life insurance policies based on "smoker rates," even though the insureds were non-smoking children at the time the policies were issued. The Policy application included ten "background information" questions, one of which was: "Has the Primary Proposed Insured, and/or spouse if

---

[1] This action was filed as a purported class action on behalf of "all persons who purchased from Defendant American General Life and Accident Insurance Company ("American General") term or permanent life insurance policies on the lives of insureds who at the time of purchase were juveniles (i.e., under the age of majority), whose policies are currently in-force or were in-force after the first payment of policy premiums or dividends, and who have been harmed by American General's Juvenile Policy Smoker Rate Scheme" as alleged in the Complaint.

proposed for coverage, used tobacco (cigarettes, cigars, pipe, snuff, chewing tobacco) or nicotine patches, nicotine gum or any other form of nicotine?"  Plaintiff answered that question "No."  Plaintiff contends that by soliciting and accepting this information that the juvenile insured did not smoke, Defendant represented and contractually promised that the policy would be issued based upon "non-smoker" rates. Plaintiff argues that Defendant thereafter wrongfully treated the policy as a "smoking policy," with "smoker rates."

Plaintiff filed her Complaint as a proposed class action, alleging breach of contract, breach of fiduciary duty, constructive fraud and unjust enrichment.  On Defendant's Motion to Dismiss, the Court dismissed Plaintiff's claims for breach of fiduciary duty, constructive fraud and unjust enrichment.  Docket No. 99.  Now Defendant has moved for summary judgment Plaintiff's remaining breach of contract claim.

Defendant submits that it never even *offered* smoker distinct pricing for insureds under the age of 20 for the type of policy Plaintiff purchased.  Defendant contends that Plaintiff received exactly what she contracted for because it never promised to deliver a "Non-Smoker Policy" to Plaintiff and there is nothing in the Policy to indicate otherwise.  Consequently, Defendant argues, there could have been no breach of contract.

SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); Meyers v. Columbia/HCA Healthcare Corp., 341 F.3d 461, 466 (6th Cir. 2003).  In deciding a motion for summary judgment, the court must view the factual evidence
2

and draw all reasonable inferences in favor of the nonmoving party. Id.; Hopson v. DaimlerChrysler Corp., 306 F.3d 427, 432 (6th Cir. 2002).

To prevail, the non-movant must produce specific evidence that demonstrates there is a genuine issue of material fact for trial. Meyers, 341 F.3d at 466. A mere scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. Id. The non-moving party may not rest on mere allegations but must set forth specific facts showing that there is a genuine issue for trial. Hopson, 306 F.3d at 432.

## CHOICE OF LAW

In cases over which a federal district court has diversity jurisdiction, that court must follow the substantive law of the state in which the court is located, including the conflict of law rules of the forum state. Davis v. Connecticut General Life Ins. Co., 743 F.Supp. 1273 (M.D. Tenn. 1990); Security Ins. Co. of Hartford v. Kevin Tucker & Associates, Inc., 64 F.3d 1001, 1005 (6th Cir. 1995).

In contract actions, Tennessee follows the rule of *lex loci contractus*, which means simply that the law of the place where the contract is made governs the construction and validity of the contract. Davis, 743 F.Supp. at 1278. Here, the Plaintiff resides in Georgia, the Policy was delivered to Plaintiff in Georgia, Defendant is a Tennessee corporation, and Tennessee is the forum state.

Because Georgia law governing the interpretation and construction of insurance contracts is not dissimilar from Tennessee law, Burress v. Sanders, 31 S.W.3d 259, 265 (Tenn. Ct. App. 2000), the Court will look to the law of both jurisdictions.

3

BREACH OF CONTRACT

To establish a breach of contract claim, Plaintiff must show: (1) the existence of a contract, (2) breach of the contract, and (3) damages flowing from the breach. Life Care Centers of America, Inc. v. Charles Town Associates Ltd. Partnership, 79 F.3d 496, 514 (6th Cir. 1996). The elements of a right to recover for breach of contract are the breach and the resultant damages to the party complaining. Budget Rent-A-Car of Atlanta, Inc. v. Webb, 469 S.E.2d 712, 713 (Ga. Ct. App. 1996). Thus, the fundamental question is whether Defendant American General breached its insurance contract with the Plaintiff.

It is undisputed that a contract existed between these parties. Defendant asserts that Plaintiff cannot, however, identify a single provision of the contract which was breached. Plaintiff claims that her answer to one of ten questions on the Policy application form, that being the tobacco use question, created an obligation on the part of Defendant to provide what Plaintiff calls a "Non-Smoking Policy." In other words, Plaintiff insists that her answer to the application question bound Defendant to provide insurance based upon "non-smoker rates." Plaintiff contends that Defendant *could* have provided smoker-distinct rates for juveniles, because it provided such rates for adults, and should not have treated juveniles differently.

The Policy states on the front page that it is a "Premium Class - Standard" policy, that the issue premium is $109.25, and that the maximum premium is $156.00. It is undisputed that Plaintiff received a Premium Class - Standard Policy, and that the premium she has paid for the Policy since its issue has been $109.25, the amount specified in the Policy. Docket No. 142, ¶¶ 8, 18 and 20. Nowhere does the Policy state that it is a "Non-Smoking Policy." In fact, it is undisputed that

4

Defendant does not even offer smoker distinct pricing for insureds under the age of 20 for the type of policy Plaintiff purchased. Id., ¶ 25.

The Court finds that Defendant delivered life insurance coverage to Plaintiff at the rate and under the terms it promised. Plaintiff is seeking insurance coverage under a product that does not and did not exist. Plaintiff contends that Defendant "changed" the terms of the Policy from non-smoking to smoking, but Defendant did not "change" the terms of the Policy. The terms of this Policy were never based upon smoking or non-smoking distinctions, and Plaintiff has not shown otherwise. There is no proof, for example, that the rates Plaintiff was actually charged were "smoker based." Plaintiff's simply identifying the insured as a non-smoker could not and did not convert the Policy one way or the other or require Defendant to charge rates different from those set forth in the Policy itself.

The Policy states, at page 7, that the Cost of Insurance per $1,000 is determined "based on our projections of future mortality experience." "We apply these Costs uniformly based on the Insured's Sex and Attained Age." Docket No. 128, Ex. A. In addition, the "Guaranteed Cash Values, the Guaranteed Cost of Insurance and net single premiums are based on the Commissioners 1980 Standard Ordinary Mortality Table." Id., p. 10.

The Policy application says nothing about Defendant's use of the answers in its ratemaking procedures. For example, nowhere in the Policy or its application does Defendant promise to adjust its rates based upon whether the insured smokes, whether the insured intends to travel or reside outside the United States, or whether the insured is a U.S. citizen, all background questions on the Policy application.

5

The Court finds that the terms of this Policy are clear and unambiguous, and Plaintiff's asserted beliefs or assumptions cannot change those terms. Plaintiff's simple assumption or belief that the Policy was based upon non-smoking rates does not create an obligation for Defendant to provide such rates. Plaintiff alleges that "[b]y soliciting and accepting information establishing that Plaintiff's juvenile insured did not smoke, American General represented and contractually promised and Plaintiff understood that the policy would be assigned to a non-smoker risk classification for the entire duration that the policy was kept in force," citing only her Complaint as authority for this allegation. The Court finds that there is no basis in the law, or in the contract at issue, for such an assumption.

When the terms of a contract are clear and unambiguous and capable of only one reasonable interpretation, the court is to look to the contract alone to ascertain the parties' intent. Park 'N Go of Georgia, Inc. v. United States Fidelity and Guar. Co., 471 S.E.2d 500, 503 (Ga. 1996); Georgia Farm Bureau Mut. Ins. Co. v. Gaster, 546 S.E.2d 30, 31 (Ga. Ct. App. 2001). When the provisions of an insurance contract are clear and unambiguous, the court's construction of the policy should favor neither party. Massachusetts Mut. Life Ins. Co. v. Jefferson, 104 S.W.3d 13, 20 (Tenn. Ct. App. 2002).

Even under the "reasonable expectations doctrine," relied upon by Plaintiff, the consumer's expectation must be *reasonable*. Fidelity and Deposit Co. of Maryland v. Sun Life Ins. Co. of America, 329 S.E.2d 517, 519 (Ga. Ct. App. 1985). Given the clear and unambiguous terms of this contract, the Court finds, as a matter of law, that Plaintiff's expectation of coverage based upon "non-smoking rates" is not reasonable. The Court cannot create a contract term that does not exist. Plaintiff cannot, by supplying a particular answer to an application question, obligate the insurance

6

company to calculate its premium rate using a particular mortality assumption not set forth in the Policy or to deliver a product it simply does not offer.

Plaintiff has not shown a breach by Defendant of any contractual obligation. Defendant did not promise to provide coverage based upon smoking *or* non-smoking rates. Defendant promised to provide coverage under the Premium Class Standard Policy at the rates stated therein. It is undisputed that Defendant provided such coverage. Plaintiff did not pay one penny more in premiums than the amount specified in the Policy. Defendant did not "secretly" charge Plaintiff anything.

Therefore, Defendant's Motion for Summary Judgment is well-taken, and judgment is entered for Defendant on Plaintiff's remaining breach of contract claim.[2]

## CONCLUSION

For these reasons, Defendant's Motion for Summary Judgment is GRANTED as to Plaintiff's breach of contract claim, and that claim is DISMISSED.

IT IS SO ORDERED.

_____
TODD CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[2] To the extent Plaintiff has asserted a breach of the duty of good faith and fair dealing claim, any such claim is based and dependent upon the breach of contract claim and therefore is also DISMISSED.